**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re

PVP KREWSTOWN, LLC,

Debtor.
_______________________________/

Chapter 11

Case No. 23-16198-MAM

**MOTION TO CONDITIONALLY APPROVE DISCLOSURE STATEMENT AND SCHEDULE JOINT HEARING TO CONSIDER FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF DEBTOR'S AMENDED PLAN OF REORGANIZATION**

PVP Krewstown, LLC ("**Debtor**") by and through undersigned counsel files this Motion to Conditionally Approve Disclosure Statement and Schedule Joint Hearing to Consider Final Approval of Disclosure Statement and Confirmation of Debtor's Amended Plan of Reorganization and in furtherance thereof states:

**Summary of Argument**

As part of their opening argument in connection with the Motion to Dismiss Bankruptcy Case Under § 1112(b) (ECF No. 55) ("**Motion to Dismiss**") Movants[1] place the Debtor's ability to reorganize directly at issue. Movants make this argument while the Debtor has had a facially confirmable plan on file for 18 months that offers a path for creditors to be paid in full. In light of the length of trial on the Motion to Dismiss (where Movants utilized every day of the initially scheduled trial with one witness), Movants' ongoing discovery efforts, and the import of the confirmability of Debtor's Plan to the issues of Debtor's good faith purposes, there is no longer any need to forestall consideration of the Debtor's Plan (as amended).

[1] "**Movants**" are FI 135 Baltimore-Harford, LLC, FI 135 Battle Creek LLC, FI 135 Hines, LLC, FI 135 Philadelphia-Castor, LLC, FI 135 Philadelphia-Krewstown, LLC, FI 135 Troy, LLC, FI 135 Waynesboro, LLC, ICA Acquisition Baltimore, LLC, ICA Acquisition Battle Creek, LLC, ICA Acquisition Castor, LLC, ICA Acquisition Hines, LLC, ICA Acquisition Krewstown, LLC, ICA Acquisition Troy, LLC, and ICA Acquisition Waynesboro, LLC.

Any "litigation" concerning confirmation could be easily subsumed within pending completion of trial, which Debtor suspects will not conclude in another three days after witnessing the objections of Movants to limited cross examination of Movants' sole witness, the Debtor's principal Mr. Sabella.[2]

Therefore, due to its high relevance to Debtor's good faith, i.e. its sincere desire and ability to confirm a plan, as well as to maximize efficiency, the Court should conditionally approve Debtor's Amended Disclosure Statement and set a hearing to consider confirmation of the Debtor's Amended Plan and Amended Disclosure Statement. Debtor is substantially prejudiced by the extensive passage of time with its Plan in limbo, while simultaneously being attacked as not being able to confirm a plan.

## Background and Request for Relief

The Debtor filed its voluntary petition for relief (ECF No. 1) on August 4, 2023 commencing the above captioned proceeding.

On December 1, 2023 the Debtor filed its Chapter 11 Plan of Reorganization for PVP Krewstown, LLC (ECF No. 59) ("**Plan**"), that same day, the FI 135/ICA Parties filed their Motion to Dismiss. The Debtor then filed its Disclosure Statement in Support of Chapter 11 Plan of PVP Krewstown, LLC (ECF No. 60) ("**Disclosure Statement**") on December 2, 2023.

On March 12, 2024 the Court entered its Agreed Order Scheduling Responses, Replies, and Mediation Deadlines in Connection with Motions to Dismiss (ECF No. 97) ("**Original Scheduling Order**"). The Original Scheduling Order provided that "all other motions/discovery in the [m]ain [c]ase…" was to be "abated and adjourned for further consideration or scheduling in connection with the hearing on the [m]options to [d]ismiss." (ECF No. 97 at ¶ 5).

On May 5, 2025 the Court began part 1 of a multi-part trial (the "**Trial**") to consider Movants' Motion to Dismiss. During their opening statements, Movants argued to this Court that its "only task in

[2] On the third day of trial, Debtor had a limited subject matter of its cross-examination of Mr. Sabella. Debtor inquired into six substantive topics of the witness yet faced 11 objections, of which only two were granted, and only in part or by concession to rephrasing a question. Every substantive objection to the line of questioning was overruled, but took up a great deal of the Court's and parties' time.

this case is to determine whether the debtor, a business entity wholly owned and run by one person, has demonstrated a valid reorganization purpose for Chapter 11 bankruptcy motivated by good faith and intent…" and that "the evidence will show that there is no reorganization purpose." May 5, 2025 Hr'g Tr. at pg. 28:9-13; 28:24-29:1 attached hereto as **Exhibit A**. Movants' argument has placed the confirmability of the Debtor's Plan (as amended), and the related reorganization purpose directly at issue in connection with the Trial.

On June 10, 2025 the Debtor filed its Amended Chapter 11 Plan of Reorganization (Doc. No. 374) (the "**Amended Plan**") and Amended Disclosure Statement in Support of Chapter 11 Plan of PVP Krewstown, LLC (Doc. No. 373) (the "**Amended Disclosure Statement**"). The Court has not set a hearing to consider the Disclosure Statement.

The Amended Plan and Amended Disclosure Statement (as with the originals) complies with all of the applicable requirements of the Bankruptcy Code and Rules. Through the Amended Plan, the Debtor intends to pay all legitimate creditors in full via its operations, recover from litigation claims asserted against the Movants, and if necessary, contribute up to $2,000,000.00 towards the payment of general unsecured claims by the Affiliate Plan Sponsor.[3] Additionally, the Amended Plan contains a Creditor Profit Share[4] that allows for all allowed creditors of the Debtor to share, above the amounts of their pending claims, in the potential net recoveries the Debtor is able to achieve in the Fraudulent Transfer Adversary Proceeding.[5]

Before soliciting votes to confirm a plan, a debtor must transmit a written disclosure statement, which, after notice and hearing, has been deemed to contain adequate information. 11 U.S.C. § 1125(b). Given the importance of the disclosure statement to the chapter 11 process, the Federal Rules of Bankruptcy Procedure require the Court to set and rule on the adequacy of a disclosure statement. *See*

[3] As such term is defined in the Amended Plan.
[4] As such term is defined in the Amended Plan.
[5] As such term is defined in the Amended Plan.

Fed. R. Bankr. P. 3017. Pursuant to 11 U.S.C. 105(d)(2)(vi), upon motion, the Court may set a combined hearing to consider approval of a disclosure statement and confirmation of a plan "to ensure that the case is handled expeditiously and economically." When setting such a combined hearing, it is appropriate for a court to conditionally approve a disclosure statement, to permit the solicitation of votes by the plan proponent prior to the combined hearing to consider a disclosure statement and confirmation of a plan. *See In re St. Margerat's Health – Peru*, 659 B.R. 691, 697 (Bankr. N.D. Ill. 2024) ("Since the Debtors have requested a *combined* hearing on the [d]isclosure [s]tatement and [p]lan, conditional approval is required before solicitation of the [p]lan may begin. Because the court will approve the combined hearing procedure, as discussed below, condition approval is appropriate.").

Here, the Court should conditionally approve the Amended Disclosure Statement and set a combined hearing to approve the Amended Disclosure Statement and to consider confirmation of the Amended Plan.

Movants have put the confirmability and reorganization purpose of the Debtor's Amended Plan squarely at issue in the Trial. Debtor and the Movants have already taken extensive discovery in connection with the Motion to Dismiss, and the Court need not consider hypotheticals to address confirmability. The Court can and should address the confirmation of the Amended Plan proposed by the Debtor, which is ripe for consideration in light of Movants' argument.

The Debtor filed its original Plan and Disclosure Statement timely and has otherwise complied with the requirements to timely file a plan and disclosure statement. Nearly 18 months have passed since the original Disclosure Statement and Plan were filed – no hearing has been set to consider the adequacy of the information contained in the Disclosure Statement while Movants continually attack the Debtor's ability to reorganize.

Therefore, the Court should conditionally approve the Amended Disclosure Statement and set a combined hearing to consider both final approval of the Amended Disclosure Statement and Confirmation

of the Debtor's Amended Plan in concert with the ongoing Trial as provided by the Original Scheduling Order.

WHEREFORE, the Debtor respectfully requests the Court: (1) grant the Motion; (2) conditionally approve the Amended Disclosure Statement and permit the Debtor to begin soliciting acceptances and rejections of its Amended Plan; (3) set a combined hearing to consider final approval of the Amended Disclosure Statement and confirmation of the Amended Plan; and (4) for all such further relief as the Court deems to be just and proper.

Dated: June 10, 2025.

Respectfully submitted,

/s/ Scott A. Underwood

Scott A. Underwood
Florida Bar Number 0730041
Thomas M. Messana
Florida Bar Number 991422
Megan W. Murray
Florida Bar Number 0093922
Underwood Murray, P.A.
100 N. Tampa St., Suite 2325
Tampa, FL 33602
Tel: (813) 540-8401 / Fax: (813) 553-5345
Email: tmessana@underwoodmurray.com
sunderwood@underwoodmurray.com
mmurray@underwoodmurray.com
*Counsel to the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing, which was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF on June 10, 2025, including United States Trustee, who is registered to receive electronic notices in this case.

/s/ Scott A. Underwood

Scott A. Underwood, Esq.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: CASE NO. 23-16198-MAM

PVP KREWSTOWN, LLC,

Debtor.

_________________________________/

VOLUME I

ECF #55, 310

May 5, 2025

The above-entitled cause came on for hearing before the Honorable MINDY A. MORA, one of the Judges in the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler Dr., West Palm Beach, Palm Beach County, Florida, on May 5, 2025, commencing at or about 9:30 a.m., and the following proceedings were had.

Transcribed from a digital recording by:
Cheryl L. Jenkins, RPR, RMR, and
Margaret Franzen

APPEARANCES:

UNDERWOOD MURRAY, by
SCOTT UNDERWOOD, Esquire
MEGAN MURRAY, Esquire
THOMAS M. MESSANA, Esquire
ADAM GILBERT, Esquire (via Zoom)
On behalf of the Debtor

BERGER SINGERMAN, by
PAUL S. SINGERMAN, Esquire
ILYSE HOMER, Esquire
ERIN HOSKINS, Esquire
and
STEARNS WEAVER, by
DREW DILLWORTH, Esquire
On behalf of FI 135/ICA Acquisition Parties

ALSO PRESENT

Carmen Cruz
Ryan Sorensen, TCS
Richard Sabella
David Bramble
Jason Jarjosa
- - - - - - -

## INDEX

| WITNESS | DIRECT | CROSS | REDIRECT | RE-CROSS |
|---|---|---|---|---|
| Richard Sabella | | | | |
| By Mr. Singerman | 38 | | | |

## EXHIBITS

| | Page |
|---|---|
| Exhibit 238 | 109 |
| Exhibit 239 | 110 |
| Exhibit 240 | 114 |
| Exhibit 253 | 116 |
| Exhibit 326 | 117 |
| Exhibit 214 | 118 |
| Exhibit 215 | 119 |
| Exhibit 202 | 127 |
| Exhibit 193 | 143 |
| Exhibit 194 | 143 |
| Exhibit 216 | 149 |
| Exhibit 217 | 149 |
| Exhibit 69 | 232 |

it. That's part of the rule as well.

THE COURT: Correct.

MR. UNDERWOOD: Thank you.

THE COURT: Okay. A five-minute opening.

MR. SINGERMAN: May it please the Court. Your Honor, once again, Paul Singerman, co-counsel to the movants.

Judge, I'm going to take about 20 seconds of my five minutes to share with you unbelievably great news. I'm starting with telling you that there is an absolute agreement on the part of the movants with what Mr. Underwood just said was the purpose of this trial, to get to the truth. We have a common vision of why we're here.

Judge, whether a bankruptcy case succeeds or fails depends on many factors, but two things must exist for the process to function as Congress intended, transparency and good faith.

Article I, Section 8, Class IV of the United States Constitution grants Congress the power to enact uniform laws governing bankruptcy. These laws, which have become the bedrock upon which bankruptcy courts grant relief, require unflinching disclosure of identity, obligations, ownership and other relevant facts in exchange for the freedom from debt. Most debtors find

that to be a fair trade.

In this unusual bankruptcy case truth is at the center of all disputes. Lack of truthful disclosure, theories based on half-truths, claims for which truth could provide a defense, all possibilities are on display. Litigation about truth pushed the debtor to file bankruptcy, but that unusual twist does not alter the Court's duty to remain focused on bankruptcy issues.

This Court's only task in this case is to determine whether the debtor, a business entity wholly owned and run by one person, has demonstrated a valid reorganizational purpose for Chapter 11 bankruptcy motivated by good faith and intent, and I'm suspecting that this sounds very familiar to you, because verbatim those are the first four paragraphs of your opinion in TPG, which you issued less than a year ago, nine months ago, in July of 2024, and which you have twice commended the parties to consider in advance of this trial. You concluded in that case the answer in short is, no, it is not, and you dismissed the case.

Judge, the evidence in this case is going to show, through testimony and documentary evidence, that PVP Krewstown -- the PVP Krewstown bankruptcy case should be dismissed because the case was filed in bad faith. The evidence will show that there is no reorganizational

purpose. The evidence will show that there is less, less than $8,000 in general unsecured claims unrelated to insider claims of the Allerand parties owned by Mr. Sabella, and unrelated to these payment obligation certificate-related claims.

The evidence is going to show -- oh, and by the way, there's a creditor in the debtor's schedules, a creditor filed a proof of claim that has a $40,800 claim, and a $50,000 retainer. Just the overage in that amount, without Mr. Sabella spending another penny, could have paid every non-insider, non-POC payment obligation certificate claim.

The evidence is going to show that this debtor has never had any revenue that it could use, it has never had a single employee, prebankruptcy it didn't have a single bank account, and it's going to show that Mr. Sabella, an accomplished lawyer, when he was in private practice drafted all the documents, many of the documents post-2002, 2002 and following, that we're going to be talking about today, and moreover the evidence is going to show that when Mr. Sabella acquired his interest in the holding company, that down below owns all the debtors, he understood the documents, the debt documents, the equity documents, the RVI policy, and the ICA, in his words, Judge, perfectly.

Judge, I'm at four minutes and fifty five seconds. I thank you for the opportunity.

THE COURT: Mr. Underwood.

MR. UNDERWOOD: Thank you, your Honor.

There is two issues that are raised by the movants today, first his corporate authority, there is hours and hours of your time to be spent, through many documents, but I posit, A, you don't need to do that for three reasons. One, you have a single member LLC here. The member filed bankruptcy -- the member authorized the bankruptcy. The manager authorized the bankruptcy. There are arguments that there should be an independent director still involved.

One, there is no standing of this party to make that argument. They are admittedly not a creditor in this bankruptcy case, the lender is not a creditor in this bankruptcy case. So that's one aspect.

Two, you'll hear that, to the extent an independent director is reattached, they would approve this case, but on its simplest, there was authority.

Second, these movants do not have standing, even if they were creditors, to raise this issue. A creditor cannot challenge the corporate authority. Here we don't even have a creditor.

If they could challenge corporate authority,

CERTIFICATION

STATE OF FLORIDA :
COUNTY OF MIAMI-DADE :

We, Cheryl L. Jenkins, RPR, RMR and Margaret Franzen, Court Reporters and Notaries Public in and for the State of Florida at Large, do hereby certify that the foregoing proceedings were transcribed by us from a digital recording held on the date and from the place as stated in the caption hereto on Page 1 to the best of our ability.

WITNESS my hand this 7th day of May 2025.

______________________________

CHERYL L. JENKINS
Court Reporter and Notary Public
in and for the State of Florida at Large
Commission #HH170910
December 27, 2025

______________________________

MARGARET FRANZEN
Court Reporter and Notary Public
in and for the State of Florida at Large
Commission #HH237464
April 14, 2026